DOWNEY, Judge,
concurring specially:
Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), has eliminated any question of a constitutional prohibition against the taking of blood over an arrestee’s objection in order to test it for intoxicating substances when the taking is done under appropriate circumstances. However, Florida has by Section 322.261, Florida Statutes (1979), prohibited the taking of blood in order to determine the weight of alcohol in a driver’s blood when the driver objects to said taking. This statutory prohibition against taking blood samples over objection is restricted to examinations for the alcoholic content of a driver’s blood and does not include examinations for the content of controlled substances in a driver’s blood. See: 1979 Op.Atty.Gen.Fla. 079-4 (January 19, 1979). Thus, in Florida there is neither a constitutional nor a statutory prohibition against taking blood from a person under arrest for driving a motor vehicle while intoxicated over his objection in order to determine if the person is intoxicated from ingestion of a controlled substance.
Under the facts of this case the police were entitled to have a blood sample taken, and tested for controlled substances, whether appellee consented or not (and even if he had objected to the taking). However, the issue presented to the trial court was whether appellee had consented, the state contending he had and appellee contending he had not because he could not, as a result of his incapacitation. No one argued that Section 322.261 was inapplicable and no one argued that the State had a right to take a sample of appellee’s blood to test it for the presence and amount of a controlled substance under Schmerber, supra. In this court the State has shifted its ground somewhat and concedes that appellee did not consent, but the State goes on to argue that appellee did not need to consent because Section 322.261(l)(c) provides that any person incapable of consenting is deemed not to have withdrawn his statutorily implied consent to the test. This argument is irrelevant because Section 322.261 applies only to blood tests for alcohol. So we see that the two vital points involved in this case, viz., a) the inapplicability of Section 322.261 to a blood test for controlled substances and b) the absence of any constitutional prohibition of such a test, as shown in Schmerber, which would seem to require a reversal, have never been presented to either the trial court or this court.
Therefore, while I concur in the judgment of reversal, I suggest that the ends of justice would be best served if on remand the trial court considered the evidence adduced at the suppression hearing in the light of Schmerber v. California, supra.